Johnson, C. J. It is enacted by the 34th section of chap. 23, of the Revised Statutes, that “Any defendant may, in his answer, introduce any new matter, which he may deem material for his de- ' fence, and may exhibit interrogatories, and call on the complainant to answer the same on oath, and the complainant shall file his answer in such time as may be prescribed by the rules of the court.” The 35th sec. of the same act also declares, that “If the complainant shall fail to answer such interrogatories, his bill or petition shall be dismissed with costs, or the new matter set out in the defendant’s answer shall be taken as confessed, and ,a decree entered accordingly.” Henry K. Brown, the administrator of Levi Davis, set up in his answer to the original bill, amongst other things, that his intestate had also purchased the slave, Charlotte, under an execution that had been issued to the sheriff of Miller county. This is a mere allegation in his answer; but, in submitting the interrogatories to the complainant, he did not call upon him to admit or deny it, ’ The complainant, therefore, was not bound to answer that allegation, and his failure to do so, did not amount to an admission of its truth. To this point the defendant offered no testimony whatever, and conse-’-quently the court was not warranted in finding the fact. The court also ened in dismissing the bill.. The facts charged in the bill were clearly sufficient to enable a court of chancery to take cognizance of it, and if true in point of fact, to entitle the complainant to a decree. It is difficult to conceive upon what ground the court dismissed the bill. The decree itself, is exceedingly informal and irregular, in not setting out the premises upon which it is predicated. It utterly fails to recite what facts were either admitted or proved, but proceeds directly to decree the property in the intestate, Davis, and the costs against the complainant. We deem it unnecessary to express any opinion as to the force or effect of the testimony, as the cause must necessarily be remanded, to be retried in the court below. It is, therefore, ordered, adjudged, and decreed, that, for the errors aforesaid, the decreé of the Circuit Court of Sevier, in this cause pronounced, be, and the same is hereby, reversed, annulled, and set aside, with costs, and that the same be remanded to said Circuit Court, with leave to each party to amend their pleadings, if they desire to do so, and take additional testimony, and further to proceed therein according to law, and not inconsistent with this opinion.